## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| OSCAR HOWARD COLEMAN,<br><br>    Plaintiff,<br><br>vs.<br><br>SUSAN MEREDITH,<br><br>    Defendant | 1:08-CV-069 DAK<br><br>**ORDER AND MEMORANDUM DECISION DENYING PLAINTIFF'S MOTIONS FOR COUNSEL AND SERVICE OF PROCESS**<br><br>Judge Dale Kimball<br><br>Magistrate Judge Brooke C. Wells |

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Plaintiff, Oscar Howard Coleman, has filed a *pro se* civil rights complaint vaguely alleging that his constitutional rights have been violated. Coleman has also filed a motion to appoint counsel and a motion for service of process.[2] For the reasons outlined below, the Court DENIES Coleman's motions for counsel and service of process.

As a civil litigant, Coleman has no constitutional right to counsel.[3] But, the Court may in its discretion appoint counsel for indigent parties under 28 U.S.C. § 1915(e)(1).[4] "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the

---

[1] Docket no. 4.
[2] Docket nos. 2 and 3.
[3] *See Moomchi v. Univ. of N.M.*, no. 95-2140, 1995 WL 736292 *3 (10th Cir. Dec. 8, 1995) (unpublished); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).
[4] *See* 28 U.S.C. § 1915(e)(1) (2006); *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

appointment of counsel."[5]  When deciding whether to appoint counsel, a court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"[6]

In addition to these factors, because Plaintiff is proceeding *pro se* the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers.[7]  Coleman need not describe every fact in specific detail; however, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[8]  Moreover, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[9]

Plaintiff's Complaint centers around a claim that Defendant Susan Meredith "was using title 26 U.S.C. 6331 to levy my incomes by not using the Federal Tax Regulation as instructed to do on page roman number III of title 26 USC."[10]  Coleman goes on to request a refund of his wages and other incomes that were levied, a letter to his credit card companies and damages for his suffering that "caused [a] lack of sleep."[11]

---

[5] *McCarthy v. Weinberg*, 753 F.2d 836, 838 910th Cir. 1985).
[6] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord Moomchi*, 1995 WL 736292, at *3; *McCarthy, 753 F.2d at 838-39*.
[7] *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).
[8] *Id.*
[9] *Whitney v. New Mexico*, 113 F.2d 1170, 1173-74 (10th Cir. 1997).
[10] Complaint p. 2.
[11] *Id.* p. 3.

In considering the factors mentioned *supra*, and construing Plaintiff's Complaint liberally, the Court finds that (1) it is questionable whether Plaintiff has asserted a colorable claim; (2) based upon the Complaint, the Court finds that this case does not appear to involve complex factual or legal issues; and (3) Coleman is not incapacitated or otherwise unable to adequately pursue this matter.  Moreover, the Court notes that Plaintiff paid the filing fee for this case.  Thus, it appears Coleman has the resources to diligently pursue this matter.  Accordingly, Plaintiff's motion for appointment of counsel is DENIED.

Finally, based on a review of the record before the Court, the Court finds Plaintiff has adequate resources to effect service of process on Defendant.  Coleman's motion for service of process is DENIED and Plaintiff is directed to serve Defendant in a timely manner pursuant to the Federal Rules.

DATED this 18th day of July, 2008.

_____
Brooke C. Wells
United States Magistrate Judge