IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| OSCAR HOWARD COLEMAN,<br><br>   Plaintiff,<br><br>vs.<br><br>SUSAN MEREDITH, et al.,<br><br>   Defendants. | Case No. 1:08 cv 069 DAK<br><br>**REPORT AND RECOMMENDATION**<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Brooke C. Wells |

  This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B).[1] On December 18, 2008, Defendants filed a motion to dismiss for lack of jurisdiction.[2] There has been no opposition filed by Plaintiff. On February 23, 2009, this court entered an order directing Plaintiff to show cause why Defendants motion to dismiss should not be granted.[3] Plaintiff has failed to respond.

  Local rule 7-1(b)(4)(A) provides in relevant part, "A memorandum opposing (i) motions to dismiss . . . must be filed within thirty (30) days after service of the motion or within such extended time as allowed by the court."[4] The rule goes on to provide that "Failure to respond

---

[1] Docket no. 4.
[2] Docket no. 8.
[3] Docket no. 10.
[4] DUCivR 7-1(b)(4)(A) (2008).

timely to a motion may result in the court's granting the motion without further notice."[5]

Plaintiff was explicitly warned in the court's order to show cause that if he failed to respond this court would recommend that Defendants' motion to dismiss be granted.[6]

Accordingly, based upon Plaintiff's failure to respond, the local rules, and for those reasons set forth more fully in Defendants' memorandum in support of their motion to dismiss,[7] the court RECOMMENDS that Defendants' motion to dismiss be GRANTED.

Copies of this report and recommendation are being mailed to all parties who are hereby notified of their right to object. Any objection must be filed within ten days after receiving this Report and Recommendation. Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 10th day of March, 2009.

_Brooke C. Wells_
Brooke C. Wells
United States Magistrate Judge

---

[5] DUCivR 7-1(d).

[6] *See* Order to Show Cause p. 1-2.

[7] Defendants argue their motion should be granted based upon principles of sovereign immunity, and because this action is barred by the Anti-Injunction Act and the Declaratory Judgment Act. Finally, an individual action based upon constitutional claims involving activities surrounding the collection of taxes against an Internal Revenue Service agent is barred. *See* Dahn v. United States, 127 F.3d 1249, 1254 (10th Cir. 1997) (stating that "in light of the comprehensive administrative scheme created by Congress to resolve tax-related disputes, individual agent of the IRS are also not subject to *Bivens* actions.").